**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 10-00324 VAP(OPx)                              Date:  March 22, 2010

Title:     ONEWEST BANK FSB -v- MICHELLE NEELY
================================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT, RIVERSIDE COUNTY (IN CHAMBERS)

   On December 15, 2009, Plaintiff OneWest Bank FSB ("Plaintiff") filed a "Complaint for Unlawful Detainer" against Defendant Michelle Neely ("Defendant") . On January 7, 2010, Defendant removed the action to this court, apparently on the basis of subject matter jurisdiction.  (See Not. of Removal at 1.)

   Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441, et seq. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990); see also In re Ford

EDCV 10-00324 VAP(OPx)
ONEWEST BANK v. MICHELLE NEELY
MINUTE ORDER of March 22, 2010

Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 USC § 1447(c); see FW/PBS, Inc. v. Dallas, 493 U.S. 215, 230-31 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction").

Defendant claims removal is proper because the "proceedings occurring [sic] in violation of the Uniform Commercial Code and 15 USCA 1692[,]" which is the Fair Debt Collections Act. (Not. of Removal at 1.)

From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint). Accordingly, Defendant has not shown the Court's jurisdiction based on federal question, 28 U.S.C. § 1331.

Defendant has not met her burden of establishing that the case is properly in federal court. Gaus, 980 F.2d at 566. Accordingly, the Court REMANDS the action to the Superior Court of California, Riverside County.

**IT IS SO ORDERED.**